IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RODRIGUEZ, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO: 7:17-cv-123 |
| MOTLEY SERVICES, INC, | § § § § | |
| Defendant. | § | |

# COMPLAINT

Plaintiff Christopher Rodriguez, individually and on behalf of all others similarly situated, for his Complaint against Motley Services, Inc. states and alleges as follows:

### SUMMARY

1. Motley Services, Inc. (hereinafter "Defendant") required and/or permitted Christopher Rodriguez (hereinafter "Plaintiff") and other similarly situated employees to work in excess of forty hours per week at its facilities but refused to compensate them properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff Christopher Rodriguez and other similarly situated employees are FLSA non-exempt workers who have been denied overtime pay required by law for which they now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas because Defendant engages in business here and the Plaintiff resides here.

## THE PARTIES

6. Plaintiff Christopher Rodriguez is a resident of Big Spring, Texas. Mr. Rodriguez's written consent to this action is attached as Exhibit "A."

7. Defendant Motley Services, LLC is a domestic limited liability company with its principle place of business in the state of Texas. Service of process may be had on Defendant through its registered agent: Marco Davis, 2150 S. Dixie Blvd, Odessa, Texas 79766 or wherever he may be found.

## COVERAGE

8. Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

12. Defendant provides equipment and services to customers in the oil and gas industry.

13. Plaintiff and the Class Members are or were employed by Defendant as Wireline Operators.

14. From the beginning of Plaintiff's employment in July of 2015 until in or about January of 2016, Plaintiff and Class Members were paid on a salary basis and did not receive overtime compensation for hours exceeding forty in a workweek.

15. In or about January of 2016, Defendant apparently realized it had misclassified its wireline operators as exempt and began paying them on an hourly basis, including time-and-one-half the hourly rate for overtime.

16. However, until in or about August of 2016, Defendant paid non-discretionary bonuses to wireline operators but failed to include those bonuses in the calculation of the regular or overtime rates of pay.

17. Defendant also made "per diem" payments that were far greater than the amounts than necessary to reimburse Plaintiff and Class Members for actual expenses incurred; as such, at least a portion of these payments were also wages and should have been included in the regular rate of pay.

18. Defendant also failed to record all hours worked by Plaintiff and the Class Members, resulting in their performing work off-the-clock.

## CLASS ALLEGATIONS

19. Plaintiff has actual knowledge that other Class Members have been denied overtime pay for hours worked over forty hours in a workweek.

20. Although Defendant has suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendant has denied them full compensation for their hours worked over forty.

21. Plaintiff and Class Members perform or have performed the same or similar work.

22. Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

23. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

24. Plaintiff's experience is typical of the experiences of the Class Members.

25. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

26. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

27. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

28. The class of similarly situated plaintiffs is properly defined as follows:

> **All persons employed by Defendant as Wireline Operators in the last three (3) years.**

## CAUSES OF ACTION

29. Plaintiff incorporates all allegations contained in the preceding paragraphs.

30. At all relevant times Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

31. Defendant's failure to pay overtime compensation to Plaintiff and Class Members violates the FLSA.

32. Accordingly, Plaintiff and Class Members are entitled to compensation for overtime hours worked.

33. Additionally, Plaintiff and Class Members are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

34. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

35. Alternatively, should the Court find Defendant acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

36. Plaintiff and the Class Members are entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him and Class Members:

A.  overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates, including non-discretionary bonuses, per diem and other similar payments;

B.  an equal amount as liquidated damages as allowed under the FLSA;

C.  damages accrued for a three year period;

D.  reasonable attorneys' fees, costs, and expenses of this action as provided by the

E.  pre-judgment and post judgment interest at the highest rates allowed by law; and

F.  such other relief as to which Plaintiff and Class Members may be entitled.

Respectfully Submitted:

YOUNG & NEWSOM, P.C.
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331.1800
Fax: (806) 398.9095
jyoung@youngfirm.com
collin@youngfirm.com


By: /s/ Jeremi K. Young
     Jeremi K. Young

*Attorney for Plaintiff & Class Members*